IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00457-BNB

GERALD HURLEY,

    Applicant,

v.

SUSAN JONES, C.S.P., D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 17 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Gerald Hurley, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Hurley initiated this instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Jefferson County, Colorado, district court case number 03CR80. On April 23, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Hurley to file within thirty days an amended application that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

On May 2, 2008, Mr. Hurley filed the amended application. On May 6, 2008, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 15, 2008, Respondents filed their Pre-Answer Response asserting that the instant action is barred

by the one-year limitation period and that the application should be dismissed as a mixed petition. On May 20, 2008, the Court entered a minute order granting Respondents' May 19, 2008, motion to correct the Pre-Answer Response. On June 2, 2008, the Court entered another minute order denying as unintelligible Applicant's "Motion to Refile Amendid [sic] Application for a Write [sic] of Habeas Corpus." Applicant has not filed a Reply to the Pre-Answer Response.

The Court must construe liberally the habeas corpus application filed by Mr. Hurley because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Hurley was charged with four counts of sexual assault on a child by one in a position of trust and four counts of sexual assault on a child as part of a pattern of abuse. Pursuant to a plea agreement, he pleaded guilty to two added counts of attempted sexual assault on a child, class-five felonies, and the prosecution dismissed the original eight counts. On April 8, 2004, at Mr. Hurley's sentencing hearing, the trial court explicitly found the existence of aggravating circumstances, and sentenced Mr. Hurley beyond the presumptive range to six years in the custody of the DOC for each count, to be served consecutively.

Mr. Hurley appealed to the Colorado Court of Appeals, which affirmed the convictions and remanded the case for correction of the mittimus. *See People v.*

2

*Hurley*, No. 04CA992 (Colo. Ct. App. Nov. 3, 2005). On April 17, 2006, the Colorado Supreme Court denied certiorari review. On October 2, 2006, the United States Supreme Court denied certiorari review. Mr. Hurley did not initiate any postconviction proceedings.

On March 5, 2008, Mr. Hurley's original application was received for filing in this Court. As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

3

> counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Hurley's conviction became final on October 2, 2006, when the United States Supreme Court denied certiorari review. The one-year limitation period began to run on October 3, 2006, after the United States Supreme Court denied certiorari review. *See* **Rhine v. Boone**, 182 F.3d 1153, 1154 (10th Cir. 1999). Mr. Hurley had until October 3, 2007, to file his habeas corpus application in this Court. The Court received the original application for filing over four months later on February 29, 2008. The certificate of service on the application is dated February 26, 2008. Therefore, pursuant to the prisoner mailbox rule, **Houston v. Lack**, 487 U.S. 266, 270 (1988), the Court must deem this action commenced on February 26, 2008, which is still over four months beyond expiration of the one-year limitation period. Therefore, the application must be denied and the action dismissed as barred by the one-year limitation period.

In the May 12, 2008, Pre-Answer Response, Respondents allege that the first of Mr. Hurley's two claims appears to be exhausted, but that the second claim does not. Therefore, Respondents argue, citing to **Rose v. Lundy**, 455 U.S. 509 (1982), as support for their argument, the application should be dismissed as a mixed petition. *See* Pre-Answer Response at 5. Respondents failed to discuss procedural default, however, which clearly is an extension of the exhaustion issue, although they note that Applicant's first claim is procedurally defaulted, could have been raised on direct appeal, and that no further remedy exists because any future claim would be denied as successive under Colo. R. Crim. P. 35(c)(3)(VII).

4

Respondents' argument that the application should be dismissed as a mixed petition is erroneous if the first unexhausted claim is, in fact, procedurally defaulted. The Court is not confronted with a mixed petition if Applicant now would be procedurally barred from raising his first claim in the state courts. Instead, the Court may deem an unexhausted claim procedurally barred and address only the properly exhausted claim. *See Harris v. Champion*, 48 F.3d 1127, 1131 n.3 (10th Cir. 1995) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Therefore, the Court will not also dismissed the instant application as a mixed petition. Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 17 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00457-BNB

Gerald Hurley
Prisoner No. 121502
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/17/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk