IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00457-ZLW

GERALD HURLEY,

    Applicant,

v.

SUSAN JONES, C.S.P., D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 10 2008

GREGORY C. LANGHAM
               CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Gerald Hurley, filed *pro se* on June 27, 2008, a motion titled "Motion to Revers [sic] Order of Dismissal." Mr. Hurley asks the Court to reconsider and vacate the Court's Order of Dismissal and Judgment filed in this action on June 17, 2008. Also on June 27, he filed a document titled "Reply to the Pre-Answer Response," a document nearly identical to the document he filed earlier on May 30, 2008.

The Court must construe the motion to reconsider liberally because Mr. Hurley is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991). The Judgment in this action was entered on June 17, 2008. Mr. Hurley filed the motion to reconsider within ten days after the Judgment was entered. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court denied the habeas corpus application and dismissed the instant action as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Hurley fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Mr. Hurley does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court remains convinced that the application properly was denied and the action properly was dismissed. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Revers [sic] Order of Dismissal" that Applicant, Gerald Hurley, filed *pro se* on June 27, 2008, and which the Court has construed liberally as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied. It is

FURTHER ORDERED that the motion titled "Motion to Add Additional Findings" filed on June 19, 2008, is denied as moot.

DATED at Denver, Colorado, this 9 day of July, 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00457-BNB

Gerald Hurley
Prisoner No. 121502
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/10/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk